IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN EDWARD SCHOONOVER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 04-CV-841- JHP-PJC |
| | ) | |
| MARTY SIRMONS, Warden; and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

This is a proceeding on a petition for a writ of habeas corpus.  In his petition, filed November 2, 2004, pursuant to 28 U.S.C. § 2254, Petitioner demands immediate release from incarceration by the Oklahoma Department of Corrections ("DOC") because he was denied "good time credits" and because his conviction and sentence in Mayes County District Court, Case No. CF-1999-271, was reversed by the Oklahoma Court of Criminal Appeals ("OCCA") on September 8, 2004 (Dkt. #1). On November 16, 2004, Petitioner was released from the custody of the DOC. On December 10, 2004, after Petitioner's release from custody, Respondent filed a motion to dismiss as moot and brief in support (Dkt. #s 4, 5).  Petitioner filed a response objecting to Respondent's motion to dismiss (Dkt. # 7). As more fully set out below, the Court concludes that this petition has been rendered moot by Petitioner's release from custody.  Therefore, Respondent's motion to dismiss as moot shall be granted.

## *BACKGROUND*

At the time Petitioner filed the instant petition for writ of habeas corpus, he was incarcerated pursuant to a conviction entered in Mayes County District Court, Case No. CF-1999-271, Accessory to a Felony Murder First Degree  Petitioner was sentenced to seven (7) years imprisonment. Petitioner does not challenge the validity of his conviction in this action.  Instead, Petitioner challenges the administration of his sentence by the DOC. In the instant petition, Petitioner challenges the DOC's denial of earned credits and seeks acknowledgment of his medical disability status entitling him to earned credits. He also requests immediate release from the custody of DOC.

However, shortly after the filing of this action Petitioner was released from custody as a result of the reversal of his conviction and dismissal of charges against him.  Respondent now urges that the petition has been rendered moot and should be dismissed on that basis.

## *ANALYSIS*

A habeas corpus petition is moot "when it no longer presents a case or controversy under Article III, § 2, of the Constitution." <u>Aragon v. Shanks</u>, 144 F. 3d 690, 691 (10th Cir. 1998) (citing <u>Spencer v. Kemna</u>, 523 U.S. 1 (1998)). In <u>Spencer</u>, the United States Supreme Court determined that where the petitioner challenges some aspect of his restraint other than the validity of his underlying conviction, the injury-in-fact requirement of Article III cannot be presumed if the petitioner has been released from custody during the pendency of the habeas petition.  <u>Id.</u> at 983-86.  The petitioner in <u>Spencer</u> failed to demonstrate concrete injuries-in-fact attributable to his parole revocation.  <u>Id.</u> at 986-88.  The Court also found too speculative the possibility that parole revocation could be used to increase the length of a future sentence or as evidence in subsequent proceedings. <u>Id.</u> at 986-87. According to the Court, the risk of injury to a party's interest must not be excessively remote if such a contingency is to keep the controversy alive.  <u>Id.</u> at 986.  Finding that Article III's case-or-controversy requirement is no longer satisfied in such a case, the Court concluded the petition must

2

be dismissed as moot.  Id.; see also Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998); Johnson v. Riveland, 855 F.2d 1477, 1480 (10th Cir. 1988).

The facts of the instant case are analogous to those in Spencer.  Petitioner here challenges the DOC's failure to acknowledge his medical classification for the purpose of accumulating earned credits and the DOC's failure to release him from custody after the OCCA reversed his conviction. Significantly, he does not challenge the underlying conviction.  Because he has been released from DOC custody and the underlying criminal charge has been dismissed, see Dkt. # 5, Exs. B and C, Petitioner is no longer subject to any direct restraint as a result of the conviction referenced in the instant petition.  Furthermore, Petitioner has not alleged or made any showing of continuing collateral consequences resulting from the earned credits dispute. His general statement that a controversy "does exist" and a favorable decision by this Court would have "significant effect in the interest of Justice" (Dkt. # 7) does not identify a concrete injury and is insufficient to define a controversy which this Court has the power to resolve. There is simply nothing for the Court to remedy.  As a result, this Court concludes the habeas corpus petition challenging the administration of Petitioner's sentence should be dismissed as moot.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.      Respondent's motion to dismiss as moot (Dkt. # 4) is **granted**.

2.      The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice as moot**.

IT IS SO ORDERED.

This 30th day of September, 2005.

James H. Payne
United States District Judge
Northern District of Oklahoma